**KORFHAGE FLORIST, Movant,**

v.

**Stephen L. CARBERRY, Workers' Compensation Board, and the Special Fund, Respondents.**

Supreme Court of Kentucky.

Feb. 27, 1986.

Stuart E. Alexander, Louisville, for movant.

J.L. Richardson, IV, Mary Ann Kiwala, Cathy Utley Costelle, Dept. of Labor, Louisville, Director of W.C.B., Dept. of Labor, Frankfort, for respondents.

VANCE, Justice.

We granted discretionary review in this case to consider the appropriate action to take in an appeal from a Workers' Compensation award in which a trial court affirmed the award, stating that it "had examined the excellent briefs of counsel and the extensive record," where in fact the transcript of record before the Workers' Compensation Board was not filed with the court until a month after the judgment was rendered.

The Court of Appeals, after noting the impropriety of the trial court in rendering a judgment before it had any opportunity to study the record on appeal, affirmed the judgment because it made an independent study of the record and found that the evidence supported the award made by the Board. The Court of Appeals concluded, therefore, that the error, though grievous and embarrassing to the judiciary, was not prejudicial to the movant because he was entitled only to a fair review of the allegations of error raised by him and was not entitled to reversal of the award unless some error in the proceedings created a prejudice to his case.

K.R.S. 342.290 dealing with appeals to the Court of Appeals in Workmen's Compensation cases provides:

"The scope of review by the Court of Appeals shall include all matters subject to review by the circuit court, and also errors of law arising in the circuit court."

The movant presented three issues for consideration on the appeal to the Court of Appeals. They were:

"(1) The trial court erred in affirming the award before the record was filed.

"(2) There was no evidence from which the Board could reasonably conclude there was a work—related change in the human organism.

"(3) There was no evidence from which the Board could reasonably conclude that claimant's malady was other than an occupational disease."

The opinion of the Court of Appeals reflects that it carefully studied the transcript of evidence. Its opinion specifically pointed to medical testimony which supported the conclusion of the Board that claimant's condition was work-related. In addition to the testimony of the doctor mentioned by the Court of Appeals, we noted in the record the testimony of two other doctors which supported the award.

The same is true concerning the issue of whether claimant suffered from a sudden

onset of his condition or whether it developed gradually over a period of years. The Court of Appeals found that the evidence supported the award. We find no fault with that determination.

We agree, therefore, with the Court of Appeals, that the evidence supports the award of the Board and that movant has suffered no prejudice in view of the fact that the Court of Appeals painstakingly afforded him the appellate review to which he was entitled.

We hasten to add that we do not in any way place any stamp of approval upon the methods followed by the trial court. Even though the review was flawed in circuit court, the Court of Appeals, in a commendable fashion, gave movant the review to which he was entitled, and we find no prejudicial error in the proceedings.

The judgment is affirmed.

All concur.